KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARGARET C. NAMMAR #9045
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone: (808) 541-2850
Facsimile:   (808) 541-2958
Email: Margaret.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>  vs.<br><br>WILLIAM CLARK TURNER,<br><br>          Defendant. | CR. NO. 16-00207 SOM<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION; CERTIFICATE OF SERVICE |

GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION

The United States of America, by and through United States Attorney Kenji

M. Price and Assistant United States Attorney Margaret C. Nammar, submits this

response to Defendant William Turner's motion seeking early termination of his

sentence of probation. The government respectfully submits that the motion should be denied.

## I. BACKGROUND

Defendant William Clark Turner was found guilty by a federal jury on February 10, 2017, of one felony count of interference with a flight attendant, in violation of 49 U.S.C. § 46504. On June 5, 2017, this Court sentenced Defendant to a three-year term of probation. Doc. 60. One of his special conditions of supervision was that Defendant be monitored by radio frequency for a period of six months. Doc. 61. Judgment of conviction was entered on June 9, 2017. *Id.*

On July 24, 2017, Defendant filed his Notice of Appeal. Doc. 69. Defendant's case is currently pending before the Ninth Circuit Court of Appeals. Briefing is complete and oral argument is scheduled for February 12, 2019.

While jurisdiction of this case remains with the District of Hawaii, Defendant initially began his term of probation under the supervision of the Northern District of Texas. He later transferred to the Eastern District of New York where he currently resides and is being supervised.

## II. LAW REGARDING EARLY TERMINATION OF PROBATION

Defendant moves for early termination of his probation pursuant to 18 U.S.C. § 3564(c). A court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of probation previously ordered and discharge

the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).

There does not appear to be a Ninth Circuit case applying the standard under 18 U.S.C. § 3564(c) for early termination of probation.  *See United States v. Hilton*, No. CR 13-172-PHJ, 2014 WL 3728176, at *2 (N.D. Cal. July 28, 2014); *see also United States v. Bodybuilding.com, LLC*, No. CR 12-00115-BLW, 2015 WL 3616962, at *2 (D. Idaho June 9, 2015).  However, district courts, including district courts in the Ninth Circuit, seem to apply the standard for early termination of supervised release pursuant to Section 3583(e), which also requires consideration of certain factors set forth in Section 3553(a).  *See id.*

The relevant factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the United States Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide

restitution to any victims of the offense.  *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4), (a)(5), (a)(6), and (a)(7).

Like Section 3583(e), Section 3564 "provides the district court with retained authority to revoke, discharge, or modify terms and conditions of [probation] . . . in order to account for new or unforeseen circumstances." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing *United States v. Lussier,* 104 F.3d 32, 36 (2nd Cir. 1997)).  Occasionally, changed circumstances can "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  *Id.*  One such changed circumstance arises when the defendant has engaged in "exceptionally good behavior."  *Id.*; *see also United States v. Smith*, 219 Fed. Appx. 666, 668 (9th Cir. 2007) (unpublished opinion) (relying on *Lussier* for the proposition that early termination is "reserved for rare cases of 'exceptionally good behavior'"). "Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, No. 04-40127, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted); *see also United States v. Robins*, No. LA CR 08-01497-VBF, 2014 WL 11790802, at *3 (C.D. Cal. May 27, 2014) (compliance with conditions of probation alone is not enough for court to find early termination of probation is warranted).  When a defendant moves to terminate his probation, the defendant

4

bears the burden of demonstrating that such a course of action is justified. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

III. <u>ARGUMENT</u>

After serving approximately one year and seven months of his three year term of probation, Defendant now moves the Court for early termination of his sentence of probation because he believes he has "established a record of near-perfect compliance." Doc. 103 at 1.

Compliance with the terms of probation is expected. This simply does not satisfy Defendant's burden of demonstrating that early termination is appropriate. This Court made that clear in August of 2017, when Defendant sought modification of his conditions of supervision. At that time, this Court stated in its Order that "[r]arely are conditions modified within the first year (sometimes the first half) of a term, and even then *there must be some showing other than mere compliance*." Doc. 85 at 3 (emphasis added).

Moreover, on August 11, 2017, Defendant submitted a urine specimen that was positive for marijuana in violation of his general conditions. *See* Doc. 102. The Court took no action and merely modified his conditions of supervision. *Id.* Clearly, Defendant has not been fully compliant during his term of probation. Furthermore, Defendant's federal conviction was for a serious felony. His actions

caused an American Airlines flight to go on lockdown and severely interfered with the flight attendant's duties.

Defendant's motion establishes that he has mostly done that which the law requires of him. He has not articulated any justifiable reasons for terminating his probation. While he should be commended for his positive efforts towards rehabilitation, this is not a "rare" case where the defendant has demonstrated "'exceptionally good behavior.'" *See Miller*, 205 F.3d at 1101 (*quoting Lussier*, 104 F.3d at 36); *see also Smith*, 219 Fed. Appx. at 668. After considering the relevant factors set forth in 18 U.S.C. § 3553(a), especially the nature and circumstances of Defendant's offense, Defendant's characteristics, deterrence, and the protection of the public, this Court should deny Defendant's motion for early termination of probation.

//
//
//
//
//
//
//
//

IV.     CONCLUSION

For the reasons set forth above, the United States respectfully submits that Defendant's motion for early termination of probation should be denied.

DATED:   January 10, 2019, at Honolulu, Hawaii.

>KENJI M. PRICE
>United States Attorney
>District of Hawaii
>
>By /s/ Margaret C. Nammar
>   MARGARET C. NAMMAR
>   Assistant U.S. Attorney
>
>Attorney for Plaintiff
>UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically by CM/ECF:

BENJAMIN IGNACIO, ESQ.                benignacio@hawaii.rr.com
Attorney for Defendant Turner

Served by first-class mail, postage prepaid:

DAVID J. COHEN, ESQ.                  Bay Area Criminal Lawyers, PC
Attorney for Defendant Turner         300 Montgomery Street, Ste 660
                                      San Francisco, CA 94104

Dated:   January 10, 2019, at Honolulu, Hawaii.

/s/ Margaret C. Nammar
MARGARET C. NAMMAR
Assistant U.S. Attorney