IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 16-00207-SOM; |
| | ) | CV 20-00239-SOM-KJM |
| Plaintiff(s), | ) | |
| | ) | ORDER GRANTING MOTION TO |
| vs. | ) | DISMISS § 2255 PETITION AND |
| | ) | DENYING REQUEST FOR |
| WILLIAM CLARK TURNER, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS § 2255 PETITION
AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY**

The Government moves to dismiss Defendant William Clark
Turner's motion for relief under 28 U.S.C. § 2255.  The
Government argues that Turner, having completed his term of
probation before seeking relief under § 2255, does not satisfy
the requirement in § 2255 that he be "in custody" at the time the
motion was filed.  This court agrees with the Government that
Turner is not entitled to relief under § 2255 because he was not
in custody.  The court grants the motion to dismiss, proceeding
without a hearing as permitted by Local Rule 7.1(c).

**I.      BACKGROUND**

A jury found Turner guilty of having interfered with a
flight attendant during a plane ride to Hawaii for a vacation.
On June 5, 2017, Turner was sentenced to three years of
probation.  Judgment was entered on June 9, 2017.  Turner
appealed.  While his appeal was pending, Turner moved for early
termination of probation.  On January 28, 2019, over the

Government's objection, this court granted the motion.  Turner therefore completed his sentence in January 2019.  About a month later, on February 27, 2019, the Ninth Circuit affirmed this court's judgment.  The next year, on May 22, 2020, long after the Ninth Circuit had issued its mandate, Turner moved in this court for relief under § 2255.

**II.        DISCUSSION**

Under § 2255(a), "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  At the time he filed his § 2255 motion, Turner was not "in custody under sentence" by this court, and there was nothing from which he could claim a right to be released.  *See United States v. Reves,* 774 F.3d 562, 565 (9th Cir. 2014).  He fails to satisfy the statutory prerequisites for seeking relief under § 2255.

There is no dispute that, had Turner still been on probation when he filed his § 2255 motion, he would have been deemed to be in custody.  *See Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).  That is, "custody" does not require incarceration and may include restrictions on one's liberty when one is on probation.  Nor is anyone disputing that the statutory requirement that a movant be in custody applies by its terms only to the time of filing, not necessarily to when the motion is

decided.  *See Maleng,* 490 U.S. at 491.  The problem for Turner is that, when he filed his § 2255 motion in May 2020, he was not serving any part of any criminal sentence imposed by this court. He had succeeded in having his three-year probation sentence reduced such that, for more than a year before he filed his § 2255 motion, he was free of all of this court's constraints on his activities and liberty.  Had he not sought early termination of probation or had the court declined his request for early termination, he would have been on probation until early June 2020, and he would have been in custody when he filed his § 2255 motion on May 22, 2020.

Turner asks this court to nevertheless permit him to proceed under § 2255.  He notes that he filed his § 2255 motion within the statutory period for filing such motions.  But filing within a designated time period does not excuse more fundamental deficiencies.  Thus, for example, a party that files an appeal within an appeal period set forth in Rule 4 of the Federal Rules of Appellate Procedure is not thereby entitled to an appellate ruling on the merits if the order appealed from is simply nonappealable.  *See also Reves,* 774 F.3d at 564-65 (noting that the custody issue is jurisdictional and so is the first issue that must be addressed).

Turner expresses concern that dismissing his § 2255 motion on "custody" grounds means that he never had an

opportunity to seek relief from this court under that statute because his "custody" ended while his appeal was pending, and this court could not have ordered relief from the judgment under § 2255 while the very same judgment was being challenged in the Ninth Circuit on direct appeal.  It is not entirely clear that Turner could not have filed a § 2255 motion with this court while he was in custody (that is, before his probation was terminated), but then have asked the court to stay the motion until the appeal was completed because he would not otherwise be able to proceed under § 2255.  Regardless of whether that was or was not a viable avenue open to Turner, what Turner is now asking this court to do is to read into the statutory language an exemption from the custody requirement for individuals whose sentences are completed while their appeals are pending.  Turner cites no authority for such a judicial interpolation of a statute.

The statutory amendment that Turner asks this court for is totally at odds with the purpose of the statute.  Section 2255 represents a codification of the common law writ of habeas corpus.  Because § 2255 affords the relief that was formerly available through a writ of habeas corpus, § 2255 (e) provides, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained" except in circumscribed circumstances.  The incongruity of Turner's request

for § 2255 relief after he has completed his probation period is made clear by the habeas corpus underpinning for § 2255.

"Habeas corpus" (Latin for "that you have the body") was a writ "employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal." *Black's Law Dictionary* 854 (Bryan Garner, ed.)(11th ed. 2019).  Turner, not being presently imprisoned, detained, or even required to comply with any court-ordered condition, has no basis for needing to ensure that any custody is not illegal.  Just as a habeas corpus proceeding required that a person's liberty be in some way restricted, a § 2255 motion requires that the movant be in custody.  Turner was indisputably not in custody when he filed his § 2255 motion, and he continues to be out of custody.

Turner asks that, if this court is not allowing him to proceed with his § 2255 motion, this court either issue a certificate of appealability or revisit its earlier ruling declining to construe his § 2255 motion as a coram nobis petition.  The court denies both requests.

A certificate of appealability is required for an appeal of this ruling.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  Turner has made no such showing.  The Supreme Court

notes that such a showing is made if a petitioner shows that "reasonable jurists" would find this court's assessment "debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).   Given how clear the statutory custody requirement is, this court does not deem Turner to have met his burden for a certificate of appealability.

Turner himself recognizes that he is not without a remedy.  He may bring a coram nobis petition, which is designed as a way to seek relief long after a sentence has been fully served.  In fact, Turner has attempted to present a coram nobis petition to this court.  This court struck the petition because, among other things, it was longer than permitted by local court rules or any court order.  However, this court has invited Turner to file a new coram nobis petition complying with court rules. In the meantime, this court continues to decline Turner's request that this court take on the task of converting his § 2255 papers into coram nobis papers.  In the first place, the § 2255 motion is longer than court rules allow.  This court did allow an oversized § 2255 memorandum, but has expressly declined to do that for the purposes of a coram nobis proceeding.  Moreover, this court continues to see no reason that it should do Turner's work for him.  Although arguments raised in a coram nobis petition may overlap with arguments that might have been raised under § 2255, the two forms of relief are not identical, and the

standards for relief differ.  If Turner seeks coram nobis relief, this court urges him to research the distinctions and to submit a brief recognizing them.

## III.      CONCLUSION

The motion to dismiss the § 2255 petition is granted on the ground that Turner was not in custody when he filed the petition.  His request that the petition be construed as a coram nobis petition is denied without prejudice to his filing a separate document seeking coram nobis relief in Criminal No. 16-00207 and Civil No. 20-286.  His request for a certificate of appealability with respect to this dismissal of his § 2255 petition is denied.

The Clerk of Court is directed to enter judgment in Civil No. 20-239 for the United States and against Turner and to close that case.

This order moots out the court's earlier inquiry as to whether the parties wanted this court's assistance in gathering materials from Turner's former counsel.  The Government has declined assistance, and Turner, having not timely responded to the court's inquiry, has just filed a formal motion regarding those materials that supersedes this court's inquiry.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii,July 16, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge


United States v. Clark, CRIM. NO. 16-00207 SOM; CV 20-00239-SOM-KJM ORDER GRANTING
MOTION TO DISMISS AND DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY