IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00207 SOM |
| | ) | Civ. No. 20-00286 SOM-KJM |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING PRIVILEGE LOG |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLAIM CLARK TURNER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER REGARDING PRIVILEGE LOG**

This court has reviewed Defendant William Clark Turner's recently filed Supplemental Filing and Privilege Log Related to the Government's Request for a Waiver of Dr. Turner's Attorney-Client Privilege. Having conducted an in camera review of the nine documents Turner argues the Government should not be allowed to see, the court orders that the Government is entitled to see most of the nine documents.

By way of background, the court notes that Turner has filed a petition seeking a writ of coram nobis. Turner's goal is to escape what he identifies as adverse collateral effects flowing from his conviction for having interfered with a flight attendant's performance of her duties.[1]  Turner received a

---

[1] The specific relief prayed for in the conclusion of Turner's coram nobis petition is a new trial. *See United States v. Turner*, Cr. No. 16-00207 SOM, ECF No. 147 (all subsequent ECF references in this order are to documents in the electronic case

sentence of probation, which, at his request, this court later terminated early. He says that the conviction has put his medical license in Texas at risk. He complains that his trial attorney provided ineffective assistance of counsel. In response, the Government is seeking an order from this court declaring that Turner has waived the attorney-client privilege. The Government has submitted a proposed order providing that Turner "has waived the attorney-client privilege that might otherwise apply to the communications between a defendant and his attorney, *as to the issues raised in his petition*." *See* ECF No. 153-1 (emphasis added).

Turner objects to the Government's waiver request, arguing that the Government must provide more detail as to what it will seek so as to limit the waiver pursuant to *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir. 2003). In reading Turner's objection, this court was uncertain precisely what detail Turner was arguing the law required from the Government. Because the

---

file in Cr. No. 16-00207, although the coram nobis petition is also filed in a companion civil case). This court has previously indicated to Turner that he might want to reconsider the form of relief he is seeking. *See* ECF No. 132. When a coram nobis petitioner has completed serving a criminal sentence, it seems odd for the petitioner to ask for a new trial, as opposed to asking for the prior conviction to be vacated. A new trial carries the risk of a new conviction and a new sentence, which could place the petitioner seeking a new trial in a worse position as a result of obtaining the very relief prayed for. Turner nevertheless appears committed to seeking a new trial, so the court will proceed with that in mind.

Government does not know the content of any material covered by the attorney-client privilege, the court wondered whether Turner was asking the Government to identify each issue in Turner's coram nobis petition.  The court wondered, for example, whether Turner would be satisfied if the Government repeated each sentence in the coram nobis petition and specifically asked for a waiver of the attorney-client privilege with respect to material relevant to each sentence.  The court did not see why this would be necessary or helpful.  In an attempt to make the issue concrete, the court turned to documents and asked Turner to identify specific documents that it might be claiming should be withheld from the Government.  In focusing on documents, this court was certainly not overlooking the availability of nondocumentary sources of information, such as interviews. Instead, the court's hope was that the specificity and concreteness of documents would focus the discussion so that the court could better understand Turner's concerns and create a record on which the court could rely for its eventual privilege ruling.  The court asked Turner to prepare a privilege log, to submit a memorandum explaining why any documents on the privilege log should be withheld from the Government, and to deliver such documents to the court for in camera review.

      Turner has submitted a privilege log and has delivered documents for in camera review.  In addition, Turner has

submitted a memorandum, but not one limited to explaining why specific documents should be withheld.  Instead, Turner has included an extensive discussion emphasizing that his privilege concerns are not limited to documents and suggesting that the court require the Government to use formal means of discovery such as depositions, interrogatories, document requests, and a hearing so that Turner may object to what the Government might seek to learn.  Turner seems to want to prevent the Government from interviewing trial counsel out of the presence of the attorney now representing Turner.  Citing no authority prohibiting the Government from interviewing Turner's trial counsel without Turner's present counsel's attendance, Turner argues that his proposals are consistent with *Bittaker*.

The court does not read *Bittaker* as requiring the particular procedures Turner proposes, but, what is more important for purposes of this order, Turner's most recent memorandum goes beyond what this court asked for.  Turner's most recent memorandum is reminiscent of Turner's repeated requests to file briefs longer than allowed by court rules.  That is, while the court recognizes that Turner's counsel is zealously representing Turner, counsel may want to reconsider whether it is always productive to use briefing opportunities to present more than is expected, allowed, or requested.  For the present order, the court focuses only on the nine documents identified by

Turner, leaving for later any consideration of other forms of information.

Before turning to specific documents, the court makes one more general comment. Although the Government has asked for an order relating to the attorney-client privilege, some of Turner's concerns appear to relate to relevance rather than privilege issues. The court therefore keeps both relevance and privilege in mind in making the present ruling.

The Government is entitled to see the entirety of Exhibits 1, 2, 4, 8, and 9. Although, given the nonsubstantive content of Exhibits 3, 5, 6, and 7, the court sees no prejudice to Turner if the Government were to see those documents, they do not appear relevant to the issues raised in the coram nobis petition and so may be withheld on relevance, rather than privilege, grounds.

**Exhibit 1:** The Government is entitled to material relating to anything that, independent of the conviction in this case, might or might not affect a licensing decision. Turner is arguing that the conviction is affecting his ability to continue his Texas medical practice, and, to the extent anything else plays a potential role in that ability, Turner is not entitled to withhold that material while seeking coram nobis relief.

**Exhibit 2:** The court adopts for Exhibit 2 the reasoning stated for Exhibit 1. In addition, Exhibit 2 involves

material that a third party asked Turner to convey to his former attorney, and so does not appear to trigger privilege concerns.

**Exhibit 4**: The Government is entitled to material relating to Turner's career opportunities in general, given Turner's argument that this conviction is affecting his career. Also, the first few lines of Exhibit 4 are at least potentially relevant to whether any part of Turner's alleged injury flows from something other than counsel's actions.

**Exhibit 8**: Exhibit 8 includes material from a third party, and such material does not trigger a privilege protection. Moreover, for all of the reasons stated with respect to Exhibit 4, the Government is entitled to see Exhibit 8.

**Exhibit 9**: For the reasons stated with respect to Exhibits 4 and 8, the Government is entitled to see Exhibit 9.

Turner is directed to provide to the Government, no later than October 15, 2020, all documents it has agreed to give the Government if not previously produced, as well as documents identified in this order as subject to production. The Government may file an optional reply memorandum in support of its request for an order declaring the attorney-client privilege waived. The optional reply memorandum may address Turner's concerns relating to interviews and matters other than documents. The deadline for the optional reply memorandum is October 22, 2020.

It is so ordered.

DATED: Honolulu, Hawaii, October 08, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*United States v. Turner*, CR. NO. 16-00207 SOM; CIV. NO. 20-00286 SOM-KJM; ORDER REGARDING PRIVILEGE LOG