```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,      )   CR 16-00207-SOM;
                               )   CV 20-00286-SOM-KJM
          Plaintiff(s),        )
                               )   ORDER REGARDING INCORPORATION
     vs.                       )   OF PRIOR FILINGS
                               )
WILLIAM CLARK TURNER,          )
                               )
          Defendant(s).        )
_____ )
```

### ORDER REGARDING INCORPORATION OF PRIOR FILINGS

In his coram nobis petition filed on August 12, 2020, Petitioner Wlliam Clark Turner says he is deliberately omitting from his moving papers "a detailed recitation of the evidence adduced at trial and a full presentation of the many arguments in support of his contentions." Instead, he says, he is incorporating by reference the opening brief in his Ninth Circuit appeal from the criminal judgment and his 2255 motion. The court will consider those documents only for historical purposes. Thus, for example, if there is a dispute about what was raised on appeal, the opening brief will be considered to resolve that dispute. However, this court will not treat the opening brief or any separate motion as presenting in the context of the coram nobis petition any matter requiring a ruling on the merits. That is, facts not discussed and arguments not expressly raised within the actual 6105 words of the coram nobis petition will not be considered as if raised simply because Turner says

they are incorporated by reference.  Matters raised only by incorporation are not properly before this court.

This court's local rules set a word limit for motions.  Allowing incorporation of other briefs and motions in the manner asserted by Turner would make a nullity of the word limit.  The court suspects that Turner would be hard-pressed to identify any court that routinely considers legal arguments to be properly raised by simple incorporation by reference.  At most, this court has sometimes expressly informed counsel in other cases that lengthy exhibits need not be repeatedly submitted.  But because exhibits do not count against a word limit and are not intended to raise matters not already set forth in the memorandum to which they are attached, that is a different issue entirely.  This court cannot recall ever ruling that it was proper for a party to present a legal argument only by incorporation by reference into a document subject to a word limit.

Turner has repeatedly sought to exceed the limits set by this court.  On May 22, 2029, he sought leave to file an oversized 2255 motion.  This court allowed an oversized brief, but not as large a brief as Turner sought.  Perhaps encouraged by that partial win, Turner moved, on June 25, 2020, for leave to file an oversized coram nobis petition, which this court denied.  On October 7, 2020, in response to a court order requesting a memorandum addressing allegedly privileged documents, he filed a

memorandum that included arguments on other issues.  This court emphasizes here that it expects compliance with the limits set forth in court rules and orders.

This order is intended to avoid confusion about what this court deems to be in issue before this court, to avoid confusion by the Government about what it must respond to, and to eliminate any assumption by Turner about what is appropriate if he files an optional reply memorandum.

It is so ordered.

DATED: Honolulu, Hawaii, October 15,2020.

/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge

United States v. Clark, CRIM. NO. 16-00207 SOM; CV 20-00286-SOM-KJM ORDER REGARDING INCORPORATION OF PRIOR FILINGS